# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VONDELISE JONES,
              Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
              Agency.

DOCKET NUMBER
CH-0831-20-0072-I-1

DATE: January 24, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vondelise Jones</u>, Stow, Ohio, pro se.

<u>Tiffany Slade</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision issued by the Office of Personnel Management (OPM), denying her request for a former spouse survivor annuity.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 On November 8, 2019, the appellant filed an appeal challenging OPM's reconsideration decision denying her request for a former spouse survivor annuity. Initial Appeal File (IAF), Tab 1 at 4, 11-14. After affording the appellant her requested hearing, the administrative judge issued an initial decision on June 24, 2020, affirming OPM's reconsideration decision. IAF, Tab 23, Initial Decision (ID) at 2, 6-7. The initial decision included instructions that it would become final on July 29, 2020, unless a petition for review was filed by that date. ID at 7.

¶3 On October 4, 2021, the Clerk of the Board received a letter from the Equal Employment Opportunity Commission (EEOC) denying the appellant's petition for review of the initial decision referenced above. PFR File, Tab 1. Subsequently, on October 20, 2021, the Clerk of the Board received a submission from the appellant that included the EEOC letter via U.S. mail, postmarked October 19, 2021. Petition for Review (PFR) File, Tab 2. She confirmed via telephone on November 1, 2021, that her submission was a petition for review of the June 24, 2020, initial decision. PFR File, Tabs 2, 3. The Acting Clerk of the Board issued an acknowledgment letter, advising the appellant that her petition for review was untimely filed and informing her that she must establish good cause for the untimely filing. PFR File, Tab 3 at 1-3. To assist the appellant, the Acting Clerk of the Board attached a form "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit. Id. at 2, 7-8. The appellant filed the required motion. PFR File, Tab 4. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4     The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014).  Here, the administrative judge issued the initial decision on June 24, 2020, and correctly informed the appellant that she was required to file any petition for review no later than July 29, 2020.  ID at 1, 7.  The appellant filed her petition for review on October 19, 2021.  PFR File, Tab 2 at 8; Tab 3 at 1.  As such, we find that the petition for review is untimely filed by over 1 year and 2 months.

¶5     The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g).  The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  The Board may decline to excuse a pro se appellant's minimal delay when she fails to establish that she acted with due

diligence. *See, e.g., Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2002).

¶6    Although the appellant is pro se, the remaining factors disfavor finding that good cause exists for her delay in filing. Her filing delay of over 1 year and 2 months is significant. *See Wirzberger v. Department of the Treasury*, 101 M.S.P.R. 448, ¶ 8 (noting that a 1-year delay in filing a petition for review was significant, even when considering her pro se status), *review dismissed*, 212 F. App'x 965 (Fed. Cir. 2006). We have also considered the appellant's assertion that the filing deadline should be waived because of her various physical and mental health conditions. PFR File, Tab 4 at 6-9. The Board will find good cause for an untimely filing when a party demonstrates that she suffered from an illness or medical condition that affected her ability to file on time. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016). To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which she suffered from the illness, (2) submit medical evidence showing that she suffered from the alleged illness during that time period, and (3) explain how the illness prevented her from timely filing her petition or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The party need not prove incapacitation, only that her ability to file was affected or impaired by the medical condition. *Id.*

¶7    In her motion to waive the time limit for filing a petition for review the appellant states that "[she] was not [her]self mentally, [and she] didn't get much personal care in 2020 cause[sic] of COVID-19." PFR File, Tab 4 at 8. With her motion, she provides documentation to support her claim that her conditions hindered her ability to timely file her petition for review, including an after-visit summary dated December 14, 2020, a problem list of her physical and mental health conditions, and what appears to be an appointment list, noting a lymphedema daily visit on November 11, 2020. *Id.* at 3-5. The problem list

includes, amongst other things, malignant neoplasm of the thyroid gland, primary hyperparathyroidism, type 2 diabetes mellitus with hyperglycemia, peripheral nervous system disorder, paranoid schizophrenia, intellectual disability, rectal bleeding, and lower abdominal pain. *Id.* at 4.

¶8    Although the appellant generally states that her mental and physical health prevented her from filing her petition for review in a timely manner, she has not specifically explained how her conditions prevented her from filing a petition for review or motion for an extension of time. *Id.* at 6-9. As noted above, the appellant's medical documents identify her various medical conditions; however, they fail to explain how her illnesses prevented her from timely filing a petition for review for the duration of the relevant period between the issuance of the initial decision on June 24, 2020, and the deadline for filing her petition for review on July 29, 2020. *Id.* at 3-5; *see Pirkkala*, 123 M.S.P.R. 288, ¶ 20 (finding that the appellant failed to explain how her shoulder problems affected her ability to file a timely removal appeal); *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶¶ 10-11 (2007) (finding that an appellant failed to establish good cause for an untimely filing despite her assertion that she suffered from anxiety and depression because she did not present any evidence that specifically addressed her condition during the relevant time period, and because she failed to explain how her medical conditions prevented her from making a timely filing or requesting an extension).

¶9    Accordingly, we conclude that the appellant has failed to show that she exercised due diligence or ordinary prudence in this case that would warrant a finding of good cause for the delay in filing her petition for review. *See Shiflett v. U.S. Postal Service*, 839 F.2d 669, 670-74 (Fed. Cir. 1988) (noting that the Board may grant or deny the waiver of a time limit for filing an appeal, in the interest of justice, after considering all the facts and circumstances of a particular case).

¶10    The appellant also motions to submit additional evidence "that was not readily available when the records closed" in her timeliness motion.[2] PFR File, Tab 4 at 7, 10-11.  The appellant's evidence addresses the merits of her appeal and is not relevant to the dispositive timeliness issue.  *See Brockman v. Department of Defense*, 108 M.S.P.R. 490, ¶ 8 (2008) (observing that an appellant's documents submitted for the first time on review and arguments on the merits of his appeal were not relevant to the untimeliness of his petition for review).  We, therefore, deny the appellant's motion.

¶11    Consequently, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding OPM's denial of the appellant's request for a former spouse survivor annuity.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[2] In her motion to waive the time limit for filing a petition for review, the appellant motions to submit the initial decision in the instant appeal and 5 U.S.C. § 8467 as additional evidence supporting her entitlement to a former spouse survivor annuity.  PFR File, Tab 4 at 7, 10-11.  The initial decision is in the record below, IAF, Tab 23; therefore, it does not constitute new evidence.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Similarly, the law cited by the appellant is not new and was in effect when she filed her appeal from OPM's reconsideration decision.  She has not shown that the provisions contained therein were not otherwise available, despite her due diligence.  *See* 5 C.F.R. § 1201.115; *Grassell v. Department of Transportation,* 40 M.S.P.R. 554, 564 (1989).  Therefore, as set forth above, we decline to consider this evidence.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.